**Joseph A. VARGA, Appellant,**

v.

**RESOLUTE INSURANCE COMPANY, a Rhode Island corporation, Appellee.**

**No. 2618.**

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 19, 1960.

Decided Dec. 14, 1960.

---

Edward A. Dragon, Washington, D. C., with whom Rodolphe J. A. de Seife, Washington, D. C., was on the brief, for appellant.

Burton Yavener, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from a judgment denying recovery on an automobile collision insurance policy. There is no dispute as to the material facts.

One Mackie, a minor, unable to deal directly with a used car dealer because of his age, persuaded an adult friend, appellant Varga, to sign the papers necessary to purchase a car. Having previously turned Mackie away, the dealer was fully aware when Mackie returned with Varga that while legal title was to be taken by Varga, Mackie was in fact to be the beneficial owner.

Included in the purchase price of the car was the cost of collision insurance which the finance company, purchaser of the deferred

payment note, placed with appellee insurance company. The policy was issued in Varga's name. Varga occasionally used the automobile, but Mackie had general custody of it and he made the monthly payments on the note.

On the occasion now in question Mackie allowed one Simback to use the car to go to his home in Pennsylvania. While Simback was driving it in that State it was in a collision with another car and was badly damaged. Varga did not know that Mackie had permitted Simback to use the automobile until after the accident.

The trial court ruled that Varga could not recover on the policy without proving that at the time of the accident the car was being operated with his consent. This ruling was based upon the provision of the policy under the heading "Definitions," which states that:

> " 'insured' means the named insured and (a) with respect to the owned automobile, any person or organization maintaining, using or having custody of said automobile with the permission of the named insured; (b) any relative, with respect to a non-owned automobile not regularly furnished for his use."

In our opinion the quoted provision has no materiality in this case. Preceding the definition of "insured" the policy defines "named insured" as follows:

> " 'named insured' means the individual named in Item 1 of the declarations and also includes his spouse, if a resident of the same household."

■ Varga was the named insured and it is necessary to resort to the definition of "insured" only to determine what persons other than the named insured were afforded protection under the policy. The definition of "insured" cannot be construed as an exclusionary clause affecting the rights of the named insured. The exclusionary provisions of the policy are stated under the separate heading of "Exclusions."

■ The record establishes beyond question that Varga held legal title to the automobile, that he was the named insured, that under the policy the insurance company was bound to pay "for loss caused by collision to the owned automobile," and none of the "Exclusions" of the policy are here applicable. Varga is entitled to recover the loss covered by the collision.[1]

■ The insurance company contends that it would never have issued the policy had it known that the beneficial owner of the automobile was a minor, that Mackie's beneficial ownership and minority were concealed from it, and that such concealment amounted to fraud. The record is clear that the seller of the automobile knew of Mackie's position in the transaction and that neither Varga nor Mackie dealt directly with the insurance company. If there was any concealment Varga was not responsible for it and his rights under the policy should not be prejudiced by it.

■ Varga misconceived his measure of damages. He proved the value of the automobile before the collision, but did not prove that it was beyond repair after the collision, or its salvage value if such was the case. If it could be restored to its former condition by reasonable expenditures, the costs of such repairs should be proven.

As we have held that Varga is entitled to a recovery, the judgment must be reversed for a new trial as to damages only.

Reversed with instructions.

Chief Judge ROVER sat during the argument of this case but died before it was decided.

---

1. We do not discuss the rights of Metro Investment Corporation (formerly District Discount Company) the "loss payee" named in the policy, as apparently there is a private agreement between it and Varga as to disposition of the proceeds of any recovery.